```
ANDREW V. JABLON (SBN 199083)
E-Mail: ajablon@rpblaw.com
STACEY N. KNOX (SBN 192966)
E-Mail: sknox@rpblaw.com
RESCH POLSTER & BERGER LLP
1840 Century Park East, 17th Floor
Los Angeles, California 90067
Telephone: 310-277-8300
Facsimile: 310-552-3209
```

Attorneys for Plaintiff STJ Enterprises, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| STJ ENTERPRISE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> PREMIERE COUTURE, LLC DBA PREMIERE DRESS SHIRTS, DBA PREMIERE, A FLORIDA LIMITED LIABILITY COMPANY; and DOES 1 through 10, Inclusive, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

STJ Enterprises, Inc. ("**Plaintiff**" or "**STJ**") hereby alleges as follows:

## **PARTIES**

1. Plaintiff STJ is a California corporation organized and existing under the laws of the State of California with its principal place of business located in Los Angeles County.

2. Plaintiff is informed and believes, and based thereon alleges, that defendant Premiere Couture, LLC dba Premiere Dress Shirts, dba Premiere ("**Premiere**") is a corporation, organized and existing under the laws of the State of Florida.

3. Plaintiff is informed and believes, and based thereon alleges, that Defendant Premiere is doing business, including in this judicial district, as a designer, manufacturer, importer, wholesaler, and/or retailer of apparel.

4. Plaintiff is informed and believes, and based thereon alleges, that defendants DOES 1 through 10, inclusive, have infringed Plaintiff's Copyrights, have contributed to infringement of Plaintiff's Copyrights, and/or engaged in one or more of the wrongful practices alleged herein. The true names of DOES 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

5. Hereinafter defendants Premiere and DOES 1 through 10, inclusive, shall be referred to collectively as "**Defendants**."

## JURISDICTION AND VENUE

6. This action arises under the Copyright Act of 1976, Title 17 U.S.C. §101 *et seq*.

7. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and §1338(a).

8. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c).

## THE COPYRIGHTED DESIGN

9. Plaintiff has over the course of many years developed a distinctive brand and a particular "look and feel" to its original artwork and designs. Plaintiff has spent large sums of money in connection with advertisement of its products, design of its artwork, and cultivation of its brand and image.

10. As a result of these efforts and expenditures, Plaintiff has developed a loyal following among retailers and consumers for its original designs and premium quality products.

11. Plaintiff is the copyright holder of the original print design which it has internally designated as SP6590 (the "**Design**"). Attached hereto as Exhibit "1" is a true and correct copy of the Design.

12. On or about July 24, 2019, Plaintiff obtained a Certificate of Registration for the Design from the United States Copyright Office, bearing registration number VAu 1-137-878. Attached hereto as Exhibit "2" is a true and correct copy of the Certificate of Registration for the Design.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement
### Against Premiere and DOES 1-10)

13. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 12 hereinabove, and incorporates them by reference as if fully set forth herein.

14. Within the last three years, Defendants have manufactured and/or sold fabric and/or garments upon which were printed unauthorized reproductions of the Copyrighted Design (the "**Infringing Goods**").

15. Defendants have licensed, manufactured, sold and/or offered for sale the Infringing Goods to customers, including retailers and consumers, throughout the United States, including within this judicial district.

16. Attached hereto as Exhibit "3" are true and correct copies of photographic images of one of the garments sold by Defendants containing an unauthorized reproduction of the Design.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

STJ Complaint to Premiere Couture.docx        3

17. For the Court's convenience, the following are side-by-side comparisons of the Copyrighted Design and the Infringing Goods.

| **Plaintiff's Design** | **Defendant's Copy of Design** |
|---|---|
|  |  |
| |  |

18. By Defendants willful, knowing and unauthorized licensing, manufacturing, advertising, offering for sale and/or sale of the Infringing Goods, Defendants have infringed on Plaintiff's Copyright in the Design.

19. Plaintiff is without adequate remedy at law to prevent the wrongful acts of Defendants herein set forth, and said acts of Defendants have resulted and will result in irreparable damage to Plaintiff unless Defendants' acts of infringement are enjoined by this Court.

20. Defendants' willful and intentional infringing activities have continued and will continue to the detriment of Plaintiff, and loss and injury to Plaintiff's business in an amount not presently ascertainable, and threaten to increase such loss and injury unless such activities are enjoined by this Court and Defendants are required to recall and destroy all Infringing Goods.

21. By reason of the acts of Defendants alleged herein, Plaintiff has suffered actual damages in an amount subject to proof at trial.

22. Due to Defendants' acts of copyright infringement, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of the Copyrighted Designs. Pursuant to the Copyright Act, Plaintiff is entitled to disgorgement of Defendants' profits attributable to Defendants' infringement of the Design, in an amount subject to proof at trial. Plaintiff is further entitled to recover its lost profits resulting from Defendants' acts of infringement, which are subject to proof at trial.

23. Plaintiff is informed and believes, and based thereon alleges, that Defendants' acts of infringement as alleged herein were willful and deliberate. Accordingly, in the event that Plaintiff elects statutory damages, Defendants, and each of them, are subject to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringed copyright and per retailer stream of commerce.

/ / /

/ / /

/ / /

/ / /

# PRAYER

WHEREFORE, Plaintiff prays for relief against Defendants, and each of them, as follows:

1. For a preliminary injunction and a permanent injunction, restraining Defendants and their agents, servants, employees, and all persons acting under, in concert with, or for them, from using Plaintiff's Copyrighted Designs for any purpose, including but not limited to, use of the Design in attempting to sell and/or selling garments.

2. For an order requiring the recall and destruction of all garments infringing upon the Design.

3. Actual damages, plus Defendants' profits attributable to Defendants' infringement of the Design, in an amount subject to proof at trial; or, if elected, statutory damages as available under the Copyright Act of $150,000.00 per infringed copyright, per retailer stream of commerce.

4. For attorneys' fees as allowed by law.

5. For such further and other relief as the Court deems just and proper.

DATED: May 22, 2020        RESCH POLSTER & BERGER LLP

By:  /S/*Andrew V. Jablon*
ANDREW V. JABLON
STACEY N. KNOX
Attorneys for Plaintiff
STJ ENTERPRISES, INC.

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this action.

DATED: May 22, 2020              RESCH POLSTER & BERGER LLP


                                 By:  /S/ *Andrew V. Jablon*
                                      ANDREW V. JABLON
                                      STACEY N. KNOX
                                      Attorneys for Plaintiff
                                      STJ ENTERPRISES, INC.